**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

**LONDON SILVER FIXING, LTD., ANTITRUST**
**LITIGATION**

*This Document Relates To All Actions*

14-MD-2573 (VEC)

**APPLICATION TO APPOINT COHEN MILSTEIN SELLERS & TOLL PLLC AND**
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
<u>**INTERIM CO-LEAD COUNSEL**</u>

**Redacted pursuant to Court Order No. 2, Dkt. No. 7.**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 3

I.      Description of Each Firm's Role: The Proposed Leads Will Efficiently Divide
        Work. ................................................................................................................... 3

II.     The 23(g) Factors Favor Appointing Cohen Milstein and Wolf Haldenstein Lead. .......... 3
        A.      Proposed Leads Have Performed Substantial Work for the Class's Benefit. ......... 3
        B.      Cohen Milstein and Wolf Haldenstein are Recognized Experts in
                Antitrust, CEA, and Complex Class Actions. ................................................... 5
                1.      Proposed Lead Counsel's Exemplar Significant Class Actions. ............... 9
                2.      Proposed Lead Counsel Have Successfully Worked Together. ............... 10
        C.      Proposed Lead Counsel Possess Unequaled Resources With Which to
                Litigate this Matter. ........................................................................................ 11

III.    Client's Claims: Proposed Leads' Clients Are Personally Invested in this
        Litigation. .......................................................................................................... 12
        A.      Clients' Stake in the Litigation. ..................................................................... 12
        B.      Prior Roles as Class Representatives. ............................................................ 12
        C.      Summary of Fee Arrangement. ...................................................................... 12
        D.      Role of In-House Legal Department. .............................................................. 13
        E.      Relationship Among Clients and Potential Conflicts. ...................................... 13

IV.     Proposed Litigation Budget: Proposed Leads Will Efficiently Manage this Case. .......... 13
        A.      Proposed Staffing. ......................................................................................... 13
        B.      Time and Amount of Expected Rate Increases. .............................................. 14
        C.      Proposals to Limit Billable Expenses. ............................................................ 14
        D.      Anticipated Electronic Information Expenses. ................................................ 15
        E.      Anticipated Expenses for Consultants and Experts. ........................................ 15
        F.      Anticipated Percentages Sought. ................................................................... 16

V.      Additional On-Going Cases: Both Firms Have Experience Litigating Class Cases. ....... 16

CONCLUSION .............................................................................................................. 20

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Bear Stearns Cos. Sec,. Derivative, and ERISA Litig.*,
No. 08 M.D.L. 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 9, 2009) ..................................6

*In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*,
No. 1:09-cv-03690 (N.D. Ill.) ........................................................................................10

*In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*,
No. 4:02-md-01486 (N.D. Cal.)..........................................................................................7

*In re Electronic Books Antitrust Litigation,*
No. 1:11-md-02293 (S.D.N.Y.) .....................................................................................9, 10

*In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*,
Nos. 2:13–MD–02451 (ADS)(AKT), 12–cv–5696 (ADS)(AKT), 12–cv–6224
(ADS)(AKT), 13–cv–3259 (ADS)(AKT), 2013 WL 3816597 (E.D.N.Y. July 22,
2013) ...........................................................................................................................5

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) .......................................................................................5

*Klein, et al. v. Ryan Beck Holdings, Inc., et al.*,
No. 1:06-cv-03460 (S.D.N.Y. June 29, 2010) ....................................................................2

*In re Nexium (Esomeprazole Magnesium) Antitrust Litigation*,
No. 1:12-md-2409 (D. Mass.)............................................................................................8

*The Shane Group, Inc., et al. v. Blue Cross Blue Shield of Michigan*,
No. 2:10-cv-14360 (E.D. Mich.)......................................................................................10

*In re Urethane Antitrust Litig.*,
768 F.3d 1245 (10th Cir. 2014) .........................................................................................9

*In re Urethane Antitrust Litig.,*
No. 2:04-md-01616 (D. Kan.).......................................................................................2, 9

*In re Warner Communications Securities Litig.*,
618 F. Supp. 735 (S.D.N.Y. 1985)..................................................................................1, 8

OTHER AUTHORITIES

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................................4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ............................................................................................5

## PRELIMINARY STATEMENT

This case alleges that Defendants,[1] as members of the London Silver Fixing, colluded to manipulate the price of silver and COMEX silver futures in violation of the Commodity Exchange Act ("CEA") and Sherman Act.  Plaintiffs include those individuals and institutions that purchased physical silver and COMEX silver futures at artificial prices as a result of Defendants' collusion and manipulation.  Pursuant to the Court's November 3, 2014, Order, the undersigned respectfully submit this application for the appointment of Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") (together "Proposed Lead Counsel") as interim Lead Class Counsel.

Cohen Milstein and Wolf Haldenstein stand apart as particularly well qualified to represent the Class's interests for several reasons, including:

- **Un-Equaled Expertise and Expertise:** with more than 150 years' combined experience litigating complex actions involving antitrust, the CEA, and other matters involving complex financial instruments, Cohen Milstein and Wolf Haldenstein bring a depth of experience and expertise unequaled by any other plaintiffs' counsel.  This expertise has been recognized by peer reviewed publications – such as *The National Law Journal,* which named Cohen Milstein to the Plaintiff's Hot List for the third year in a row – as well as courts – such as Judge Kennan's agreement with the assertion that Wolf Haldenstein qualified as "'the cream of the plaintiffs' bar.'"[2]

- **Substantial Work Advancing the Class's Claims:** Proposed Lead Counsel conducted an extensive investigation that resulted in the filing of a complaint with substantial, detailed allegations not included in other complaints.  For example, Proposed Lead Counsel's complaint is the only complaint to compare silver pricing trends to other economic benchmarks to determine whether the anomalous pricing patterns evident in the silver market existed in other benchmarks to establish that outside macroeconomic forces were unlikely to cause the anomalous pricing in silver – rendering Plaintiffs' claims of collusion and manipulation substantially more plausible.

- **Specialized Familiarity with the CFTC:** J. Douglas Richards, managing partner of Cohen Milstein's New York office and the senior Cohen Milstein partner litigating this

---

[1] Defendants in these actions include three of the world's largest silver bullion banks, Bank of Nova Scotia, Deutsche Bank, and HSBC.

[2] *In re Warner Communications Securities Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985).

matter, previously served as the Deputy General Counsel for the Commodities Future Trading Commission ("CFTC").  Given that all the complaints on file allege that the CFTC has launched an investigation into the challenged conduct, Mr. Richards's familiarity with the CEA and CFTC will greatly help to protect the Class's interests as this litigation proceeds in parallel with the CFTC's.

- **Unequaled Resources:** Cohen Milstein and Wolf Haldenstein are the two oldest and largest firms to have filed actions in this matter.  Indeed, more than 150 attorneys work at the two firms in offices across the country.  As such, Proposed Lead Counsel have at their disposal a deep bench of talent, support, and financial resources with which to vigorously prosecute the Class's claims.

- **Positive Working Relationships with Relevant Third Parties:**  Mr. Richards's extensive experience with the CFTC will facilitate effective coordination and cooperation between the Commission and the private litigants in these cases.  Cooperation with the CFTC will promote the efficient litigation of these claims, which benefits the parties, counsel, and the Court.  Additionally, Proposed Lead Counsel have a positive working relationship with Interim Lead Counsel in the related Gold Matter.  Given that the two cases challenge related conduct involving some of the same defendants, a positive working relationship among Interim Lead Counsel for the two cases will help reduce duplicative discovery and streamline the litigation.

- **Exemplary Results in Similar Actions:** comparing credentials and résumés can be difficult but one standard defies hyperbole – the results Proposed Lead Counsel have achieved for their clients.  By this metric alone, Proposed Lead Counsel stand apart.  Just last year, Cohen Milstein helped secure the largest jury verdict *in history* for an antitrust class action.[3]  Likewise, Wolf Haldenstein's results for the classes it represents have been described as nothing short of a "miracle."[4]  As described more fully in Section II.B.2 *supra*, Proposed Lead Counsel have obtained recoveries for classes in similar cases equaling a substantial percentage of actual damages if not *double* or *triple* actual damages.  Such results vividly demonstrate Proposed Lead Counsel's ability to successfully represent the Class's interests in this matter.

For these reasons, the undersigned respectfully request that the Court appoint Cohen

Milstein and Wolf Haldenstein as interim Lead Counsel for the Class.

---

[3] *In re Urethane Antitrust Litig.,* No. 2:04-md-01616 (D. Kan.) (jury verdict of over $1 billion, including trebling, against Dow Chemical, a decision upheld by the Tenth Circuit).

[4] *See* Transcript of Proceedings, *Klein, et al. v. Ryan Beck Holdings, Inc., et al.*, No. 1:06-cv-03460 (S.D.N.Y. June 29, 2010) (transcript will be submitted upon the Court's request) (Judge Deborah A. Batts described Wolf Haldenstein's successful establishment of a settlement fund as follows: "[a] miracle that there is a settlement fund at all" and continued: "As I said earlier, there is no question that the litigation is complex and of a large and, if you will, pioneering magnitude.").

## ARGUMENT

**I.    DESCRIPTION OF EACH FIRM'S ROLE: THE PROPOSED LEADS WILL EFFICIENTLY DIVIDE WORK.**

Cohen Milstein and Wolf Haldenstein's significant experience managing complex class action litigation will facilitate the efficient management of this matter.  The Proposed Leads will work collaboratively on major strategic matters, including the structure of discovery, motion practice, trial, and settlement negotiations, but will divide responsibility for executing on these strategic decisions between the two firms.  For example, the Proposed Co-Leads plan to divide responsibility for discovery of the defendants as follows: Cohen Milstein will oversee all discovery for Defendants Deutsche Bank and HSBC Holdings while Wolf Haldenstein will oversee all discovery pertaining to Defendant The Bank of Nova Scotia and third-party/potential defendant The London Silver Market Fixing.  Similarly, Cohen Milstein and Wolf Haldenstein would jointly discuss the overall strategy for responding to any potential motion to dismiss and then divide responsibility for drafting responses to sections of the motion(s) to prevent unnecessary duplication of efforts.  Strategies such as these have proven successful in advancing the Class's interests in the most cost-effective and efficient manner possible.

**II.   THE 23(G) FACTORS FAVOR APPOINTING COHEN MILSTEIN AND WOLF HALDENSTEIN LEAD.**

**A.    Proposed Leads Have Performed Substantial Work for the Class's Benefit.**

In this case, the task of identifying potential claims was initially performed by news organizations and various governmental entities that suspected misconduct in the silver and COMEX silver futures markets.[5]  Importantly, however, Proposed Lead Counsel conducted an independent investigation that resulted in the filing of a complaint that contained substantial

---

[5] Indeed, many of the complaints rely heavily on publicly available news articles or research conducted by Professor Andrew Caminschi prior to this case.

detailed allegations not included in other complaints. *See* Fed. R. Civ. P. 23(g)(1)(A).

Specifically, Proposed Lead Counsel hired an economist to analyze the silver and silver derivatives market to determine whether price announcements and trading volume in the physical silver and COMEX silver futures markets evidenced Defendants' manipulation of these markets. *See Hughes v. Deutsche Bank AG, et al.*, No. 1:14-cv-07357 (S.D.N.Y.), ECF. No. 1 ("Compl.") ¶¶ 58-89. This proprietary analysis strongly suggested that Defendants had, in fact, colluded to manipulate the market. *Id.* The majority of complaints on file contain none of this analysis. Moreover, even as compared to the sole complaint containing a statistical analysis of the evidence, Proposed Lead Counsel's *Hughes* complaint contains several key factual allegations that could prove critical to overcoming a motion to dismiss including, among others:

- The statistical analysis contained in Proposed Lead Counsel's complaint is the only analysis that examined the impact of macroeconomic factors (such as a hurricane or the housing crisis) on silver pricing. Compl. ¶ 79, figs.30-33. To do this, Proposed Lead Counsel's economist compared pricing trends for silver to other market benchmarks such as the US Dollar index and the MSCI emerging markets index. *Id.* That comparison revealed that *only* the silver market showed pricing spikes around the time of the London Fixing supporting Plaintiffs' allegations that Defendants' collusion – not other economic forces – caused the anomalous pricing. Allegations such as these are critical to showing that it is more than plausible that Defendants' behavior caused the challenged pricing patterns.

- Additionally Proposed Lead Counsel's complaint is the only complaint to analyze how silver prices respond to price announcements other than the Silver Fix. This illustrated whether the pattern of information leakage surrounding the Silver Fix was exhibited prior to the announcement of other key economic information where there were no allegations of collusion or manipulation. Compl. ¶¶ 80-93, figs.34-36. That analysis revealed that silver prices showed no "leakage" leading up to other economic price announcements, supporting Plaintiffs' allegations that the participants in the London Fixing manipulated the market in part by leaking information regarding the Silver Fix prior to announcement.

- Finally, Proposed Lead Counsel's statistical analysis showed that the manipulation challenged here was consistently predictive of the price moves throughout the fixing. Further, the strength of this prediction grew over time suggesting that Defendants honed their conspiracy. Compl. ¶¶ 61-64, fig.4. These detailed factual allegations buttress Plaintiffs' claims of collusion and manipulation.

In addition to this economic and statistical investigation, Proposed Lead Counsel also interviewed numerous market participants to substantiate factual allegations related to the market. This investigation resulted in marked benefits to the Class. For example, as a result of this investigation, Proposed Lead Counsel's Complaint is the only complaint to include allegations regarding Defendants' positions in COMEX silver futures, *see* Compl. ¶¶ 41-44, which are integral to plausibly charging Defendants with having the motive and opportunity to influence not only the physical silver market but also COMEX silver futures – a critical step for establishing a CEA claim. Finally, Proposed Lead Counsel's complaint contains the most detailed discussion of the Class's antitrust injury – an important component to surviving the motion to dismiss. Compl. ¶¶ 90-93.

Proposed Lead Counsel's investigation went far "beyond the public record."[6] As a result, the Complaint filed by Proposed Lead Counsel is better positioned to withstand motions to dismiss and better frames the Class's claims for discovery.[7]

## B. Cohen Milstein and Wolf Haldenstein are Recognized Experts in Antitrust, CEA, and Complex Class Actions.

Cohen Milstein and Wolf Haldenstein are two of the preeminent firms litigating antitrust and CEA class actions in the country. Combined, Proposed Lead Counsel have more than 150 years' litigation experience and a proven track record of success. Proposed Lead Counsel's substantial expertise in the precise areas of law involved here provides yet another basis for their appointment as Interim Lead Counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) (counsel's experience

---

[6] *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010) (selecting class counsel who had conducted significant investigation beyond the public record).

[7] *See, e.g.*, *In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*, Nos. 2:13–MD–02451 (ADS)(AKT), 12–cv–5696 (ADS)(AKT), 12–cv–6224 (ADS)(AKT), 13–cv–3259 (ADS)(AKT), 2013 WL 3816597, at *10-11 (E.D.N.Y. July 22, 2013) (holding time and resources spent investigating complaint a substantial factor in appointing interim class counsel).

in particular area of law must be considered in appointing lead); *see also In re Bear Stearns Cos. Sec,. Derivative, and ERISA Litig.*, No. 08 M.D.L. 1963 (RWS), 2009 WL 50132, at *11 (S.D.N.Y. Jan. 9, 2009).

*Cohen Milstein*: One of the largest class action firms in the country, Cohen Milstein possesses more than 40 years' experience litigating complex class actions with a particular expertise in antitrust and commodities matters.   In recognition for the outstanding results achieved for its clients, *Legal 500* recently ranked Cohen Milstein as a Leading Plaintiff Class Action Antitrust Firm for the sixth year in a row, and *The National Law Journal* named Cohen Milstein to the Plaintiff's Hot List for the third year in a row.  Deemed one of the "Most Feared Plaintiffs Firms" by Law360, Cohen Milstein has obtained record-setting results for its clients in multiple antitrust actions over the years.

The senior member of the Cohen Milstein team, J. Douglas Richards, possesses extensive experience litigating under both Commodity Exchange Act and Sherman Act which will greatly benefit the Class.  Specifically, Mr. Richards served as Deputy General Counsel of the CFTC from 1997 to 2000.  During that time, Mr. Richards assumed responsibility for all litigation by and against the Commission, and for two of those years also managed the Commission's adjudicatory functions.   In 1999, the Commission awarded Mr. Richards a Special Service Award for performing those two roles simultaneously and successfully eliminating a longstanding backlog of Commission adjudicatory matters.  Mr. Richards's familiarity with the CEA and CFTC will greatly help to protect the Class's interests as this litigation proceeds in parallel with the CFTC's.

Additionally, Mr. Richards's expertise in the antitrust class action field is widely recognized, as evidenced by his multiple appointments as lead counsel, frequent invitations to

speak at prominent antitrust events, and numerous publications regarding issues of antitrust law and class action practice.[8]  Finally, the team of lawyers from Cohen Milstein working with Mr. Richards in this case includes experienced attorneys with substantial experience litigating class cases involving antitrust issues and complex financial instruments.[9]

*Wolf Haldenstein:*  Wolf Haldenstein is particularly well-suited to partner with Cohen Milstein in this litigation as it too possesses significant experience in antitrust and CEA litigation.  Indeed, having been founded in 1888, Wolf Haldenstein counts itself among the most experienced class action firms in the country.  The Firm's expertise in class actions has been recognized by several publications and Courts.  For example, The *National Law Journal* named Wolf Haldenstein to the Plaintiff's Hot List in 2012 and 2013.  Additionally, in *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 4:02-md-01486 (N.D. Cal.), Judge Hamilton described Wolf Haldenstein's work as co-lead counsel as follows:

> I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional. The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action. I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation.[10]

---

[8] *See* Cohen Milstein, *Professionals: J. Douglas Richards*, http://www.cohenmilstein.com/attorneys.php?PeopleID=29 (last visited Nov. 14, 2014).

[9] *See* Section IV.A, *infra*, and www.cohenmilstein.com for a complete biography of the attorneys assigned to this matter.

[10] Transcript of Motion Hearing, *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 4:02-md-01486 (N.D. Cal. Aug. 15, 2007) (Transcript will be submitted upon the Court's request).

Indeed, even defense counsel have conceded that Wolf Haldenstein "constitute[s] the 'cream of the plaintiffs' bar,'" of which Judge Kennan noted, "The Court cannot find fault with that characterization."[11]

The Wolf Haldenstein team is headed by partner Fred T. Isquith.  With more than 30 years' experience litigating antitrust, CEA, and securities class actions, Mr. Isquith brings a broad base of knowledge to this matter.  Mr. Isquith's expertise has been widely recognized – for example, he has been selected as a New York Super Lawyer every year since the designation originated – a distinction honoring the top 5% of lawyers in each legal specialty.  Additionally, Mr. Isquith has been invited to speak at numerous law schools and bar events to share his unique perspective and years of experience.  Mr. Isquith leads a group of lawyers at Wolf Haldenstein with substantial experience and a demonstrated acumen in litigating antitrust and CEA actions.[12]

*Trial Experience:* Should this case proceed to trial, Cohen Milstein and Wolf Haldenstein both possess significant trial experience – a rarity in a field where the vast majority of cases settle prior to trial.  For example, within the last year Cohen Milstein was selected for inclusion on The National Law Journal and Law.com's inaugural list of "Elite Trial Lawyers," recognizing law firms that "have done exemplary and cutting-edge work on behalf of their clients and are established leaders in the area of plaintiff law."  As mentioned above, Cohen Milstein recently won the largest antitrust verdict in history and Mr. Richards is currently finishing a trial in Boston in a major antitrust case.[13]

---

[11] *In re Warner Communications Securities Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985).

[12] *See* Section IV.A, *infra*, and www.whafh.com for a complete biography of the attorneys assigned to this matter.

[13] *See In re Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. 1:12-md-2409 (D. Mass.).

1.      **Proposed Lead Counsel's Exemplar Significant Class Actions.**

Proposed Lead Counsel's expertise is best evidenced by the outstanding results they have achieved on behalf of plaintiff classes in complex actions, including in the areas of antitrust, commodities, and other financial instruments.  Per the Court's request, *see* Order Section 1(b)(i) and (ii), the following three cases exemplify Proposed Lead Counsel's outstanding work on behalf of plaintiff classes.

- *In re Urethane Antitrust Litigation,* **No. 2:04-md-01616 (D. Kan.).**  Cohen Milstein served as co-lead counsel for the class of direct purchasers of chemicals used to make polyurethane foam alleging that the manufacturers of those chemicals conspired to fix prices in violation of the antitrust laws.  In that role, Cohen Milstein negotiated settlements totaling $139.5 million with four of the five defendants, from which counsel were awarded 33.3% in attorneys' fees.  The settlements provided **for an average award to class members of $58,000** – about 34.5% of damages.  Cohen Milstein then tried the case against the remaining defendant, The Dow Chemical Company, and obtained a jury verdict of more than $400 million, which increased to $1.06 billion after trebling and offsets for the prior settlements – **the largest jury verdict ever in a price-fixing case.**  The Tenth Circuit recently affirmed this record-setting verdict.[14]  If *certiorari* is denied by the Supreme Court, this judgment will result in a class-wide recovery of **three times actual damages**, and an average payment to class members of $500,000.

- *In re Electronic Books Antitrust Litigation,* **No. 1:11-md-02293 (S.D.N.Y.).**  Cohen Milstein served as co-lead counsel for a class of direct purchasers of electronic books alleging Apple and several book publishers colluded to raise the price of electronic books in violation of the antitrust laws.  As co-lead counsel for the class,[15] Cohen Milstein negotiated settlements with several of the book publishers **totaling slightly more than $115 million**[16] which provided class members **approximately 41% of estimated single damages** for an average payment to class members of approximately $4.99.  Of that award, counsel were awarded 17% of the settlement fund as attorneys' fees.  These settlements – which have already been approved by the Court and disbursed to the Class

---

[14] *In re Urethane Antitrust Litig.*, 768 F.3d 1245 (10th Cir. 2014) (*en banc* denied).

[15] Class counsel litigated *In re Electronic Books Antitrust Litigation* alongside several state attorneys general.  The settlements reached were negotiated on behalf of both class plaintiffs and the states, and all recoveries and attorneys' fees discussed above are split between the class plaintiffs and the states.

[16] In *In re Electronic Books Antitrust Litigation*, the attorneys' fees were negotiated subsequent to an agreement being reached with regard to the settlement for the Class.  Because attorneys' fees are generally considered part of the total recovery obtained for the Class, and for ease of review, the settlement plus the negotiated fees have been provided for the Court's review.

– are impressive on their own.  However, after settling with the publisher defendants, class counsel continued litigation against Apple, settling on the eve of trial for $450 million including attorneys' fees.  This settlement depends in part on the Second Circuit's determination of Apple's pending appeal of its criminal conviction in the companion case brought by the Department of Justice.  If the judgment against Apple is upheld, counsel will receive $50 million in attorneys' fees (approximately 11% of the total settlement value) bringing the **total value of this case to the Class to $565 million or 200% of Plaintiffs' damages** and resulting in an average payment of $24.74 per class member.[17]

- ***In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation***, **No. 1:09-cv-03690 (N.D. Ill.).**  Wolf Haldenstein served as Liaison Counsel, and as Co-Lead Counsel to reach a settlement which has recently been approved, on behalf of a class of individuals alleging that the Defendant engaged in manipulation of cheese and milk futures to raise prices of dairy products in violation of the CEA.  This settlement of $46 million represents 19% of estimated single damages and provides ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

These cases are emblematic of the quality of work Cohen Milstein and Wolf Haldenstein employ in pursuit of their clients' claims.  Given that Cohen Milstein and Wolf Haldenstein's decades of experience, these three victories are just a small sample of the outstanding results Proposed Lead Counsel have obtained for classes over the years.

     2.      <u>Proposed Lead Counsel Have Successfully Worked Together.</u>

Cohen Milstein and Wolf Haldenstein have worked together many times in the past to great success.  Most recently, Cohen Milstein and Wolf Haldenstein served as co-lead counsel in *The Shane Group, Inc., et al. v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14360 (E.D. Mich.).  Leveraging their decades of class action and antitrust experience along with their amicable working relationship, Cohen Milstein and Wolf Haldenstein secured a settlement of

---

[17] If the judgment is partially modified on appeal, Apple's settlement with the Plaintiffs provides that the Class will receive $70 million with $20 million (28%) awarded as attorneys' fees to class counsel.  In this scenario, the final award to the Class would represent 66% of estimated single damages for an average payment to class members of approximately $8.  If the judgment is reversed by the Second Circuit, the Class will only recover from the initial settlements which, as described above, still represents an excellent result of the Class.

$29.9 million for the class – a result equal to more than 25% of damages in an exceedingly complex case presenting several significant legal challenges.[18]

### C.   Proposed Lead Counsel Possess Unequaled Resources With Which to Litigate this Matter.

A quick perusal of the applicants' websites confirms that Cohen Milstein and Wolf Haldenstein are best situated from a resources perspective to lead this action.  Indeed, Proposed Lead Counsel have more than 150 highly skilled attorneys in offices across the country[19] ready to assist counsel in this case should the need arise.  These attorneys are supported by a broad array of staff including paralegals, IT professionals, investigators, discovery experts, and other litigation staff.  Proposed Lead Counsel's size matters for a very important reason – it indicates that Proposed Lead Counsel have the financial resources necessary to litigate this case vigorously to its conclusion.  Moreover, the geographic scope of Proposed Lead Counsel's resources will help to control costs in this matter by minimizing domestic travel.  Cohen Milstein and Wolf Haldenstein stand ready to commit these resources to the Class's case.

---

[18] Order Granting Preliminary Approval to Proposed Class Settlement, *The Shane Group, Inc., et al. v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14360 (June 26, 2014 E.D. Mich.), ECF No. 151.

[19] Proposed Co-Lead Counsel have offices in New York; Washington, D.C.; Chicago; Philadelphia; Palm Beach Gardens, Florida; Denver, Colorado; and San Diego, California.

III.    **CLIENT'S CLAIMS: PROPOSED LEADS' CLIENTS ARE PERSONALLY INVESTED IN THIS LITIGATION.**

Proposed Lead Counsel represent two individual commodities traders, Laurence Hughes and Don Tran, as well as a married couple who invested in physical silver, Jerry and Rebecca Barrett.

A.      **Clients' Stake in the Litigation.**

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████

B.      **Prior Roles as Class Representatives.**

None of Proposed Lead's clients have previously served as a named plaintiff in a class action.

C.      **Summary of Fee Arrangement.**

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████

**D.      Role of In-House Legal Department.**

Because Proposed Lead Counsel do not represent institutional clients, no in-house legal

department would be involved in the prosecution of these cases.

**E.      Relationship Among Clients and Potential Conflicts.**

Mr. Hughes, Mr. Tran, and the Barretts have no prior relationship.   Proposed Lead

Counsel perceive no current or potential conflicts among the clients.   The clients have all been

informed of their duties as class representatives and indicated a willingness to shoulder those

obligations.

**IV.     PROPOSED LITIGATION BUDGET: PROPOSED LEADS WILL
         EFFICIENTLY MANAGE THIS CASE.**

**A.      Proposed Staffing.**



**B.**     **Time and Amount of Expected Rate Increases.**

**C.**     **Proposals to Limit Billable Expenses.**

**D.**     **Anticipated Electronic Information Expenses.**

**E.**     **Anticipated Expenses for Consultants and Experts.**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

**F.      Anticipated Percentages Sought.**

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

**V.      ADDITIONAL ON-GOING CASES: BOTH FIRMS HAVE EXPERIENCE
LITIGATING CLASS CASES.**

Both Cohen Milstein and Wolf Haldenstein specialize in complex class actions.  As such,

both firms are currently serving as lead or co-lead counsel in several actions involving many

different substantive areas of law.  Importantly, however, as indicated by the chart, designated

counsel are involved in very few of these actions leaving more than sufficient time for counsel to devote to this matter.

**Cohen Milstein Sellers & Toll PLLC Cases:**

| Case | Status | Team |
|------|--------|------|
| *Adedipe v. U.S. Bank National, et al.*, No. 0:13-cv-2687 (D. Minn.) | Motion to Dismiss Pending | |
| *Allen, et al. v. Dairy Farmers of America, Inc., et al.*, No. 5:09-cv-00230 (D. Vt.) | Settlement Reached; Preliminary Approval Pending | ELL |
| *Allman v. American Airlines, Inc. Pilot Retirement Benefit Program Variable Income Plan, et al.*, No. 1:14-cv-10138 (D. Mass.) | Settlement Negotiations | |
| *Barnes v. AT&T Pension Benefit Plan–NonBargained Program*, No. 3:08-cv-04058 (N.D. Cal.) | Appeal Pending | |
| *Barnicle, et al. v. Mellanox Technologies, Ltd., et al.*, No. 3:13-cv-04909 (N.D. Cal.) | Motion to Dismiss Pending | |
| *Bruce, et al. v. Suntech Power Holdings Co., Ltd, et al.*, No. 3:12-cv-04061 (N.D. Cal.) | Discovery Pending | |
| *Carlin, et al. v. Dairy America, Inc., et al.*, No. 1:09-cv-00430 (E.D. Cal.) | Discovery | |
| *Chesemore, Carol, et al. v. Alliance Holdings, Inc., et al.*, No. 3:09-cv-00413 (W.D. Wis.) | Settlement Reached with Majority of Defendants; Appeal Pending with Final Defendant | |
| *Construction Workers Pension Trust Fund -- Lake County and Vicinity, et al. v. Navistar International Corporation, et al.*, No. 1:13-cv-02111 (N.D. Ill.) | Second Motion to Dismiss Pending | |
| *Dooley, et al. v. Saxton, et al.*, No. 1:12-cv-01207 (D. Or.) | Stayed Pending Settlement Discussions | |
| *In re Animation Workers Antitrust Litigation*, No. 5:14-cv-4062 (N.D. Cal.) | Leadership Applications Under Consideration | |
| *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, No. 1:08-cv-08093 (S.D.N.Y.) | Motion to Dismiss Denied; Procedural Motions Pending | ME |
| *In re BP p.l.c. Securities Litigation*, No. 4:10-md-02185 (S.D. Tex.) | Motion for Summary Judgment Pending | |
| *In re Cast Iron Soil Pipe and Fittings Antitrust Litigation*, No. 1:14-md-2508 (E.D. Tenn.) | Motion to Dismiss Pending | |
| *In re Caterpillar Inc. C13 And C15 Engine Products Liability Litigation*, No. 1:14-cv-03722, 1:14-cv-05596 (D.N.J.) | Dual Track Case; Class Cert. Mot. Pending in Bus Case; Consolidated Am. Complaint Filed in Truck Case | |
| *In re Central European Distribution Corp. Securities Litigation*, No. 1:11-cv-06247 (D.N.J.) | Settlement Preliminarily Approved; Final Approval Pending | ME |
| *In re Domestic Drywall Antitrust Litigation*, No. 2:13-md-02437 (E.D. Pa.) | Discovery | |
| *In re Ductile Iron Pipe Fittings Antitrust Litigation*, No. 3:12-cv-00711 (D.N.J.) | Mediation Ordered; Case Stayed until February | |
| *In re Ebix, Inc. Derivative Litigation*, No. 1:13-cv-00062 (N.D. Ga.) | Settlement Preliminarily Approved; Final Approval Pending | |

17

| Case | Status | Team |
|------|--------|------|
| *In re Electronic Books Antitrust Litigation*, No. 1:11-md-02293 (S.D.N.Y.) | Final Approval of Publisher Settlements Granted; Settlement with Apple Preliminarily Approved | ME; ELL |
| *In re Google Inc. Street View Electronic Communications Litigation*, No. 3:10-md-02184 (N.D. Cal.) | Discovery | |
| *In re Harman International Industries, Inc. Securities Litigation*, No. 1:07-cv-01757 (D.D.C.) | Appeal Pending | |
| *In re Herald, Primeo and Thema Funds Securities Litigation*, No. 1:09-cv-00289 (S.D.N.Y.) | Appeal Pending | |
| *In re Intel Corporation Microprocessor Antitrust Litigation*, No. 1:05-md-01717 (D. Del.) | Class Cert. Denied; Motion for Summary Judgment Pending | |
| *In Re ITT Educational Services, Inc. Securities Litigation*, No. 1:13-cv-01620 (S.D.N.Y.) | Discovery Pending | |
| *In re Kingate Management Limited Litigation*, No. 1:09-cv-05386 (S.D.N.Y.) | Appeal Pending | |
| *In re Lidoderm Antitrust Litigation*, No. 3:14-md-02521 (N.D. Cal.) | Motion to dismiss Pending | JDR |
| *In re Lipitor Antitrust Litigation*, No. 3:12-cv-2389 (D.N.J.) | Supplemental motion to dismiss briefing Pending | JDR |
| *In re Loestrin 24 Fe Antitrust Litigation*, No. 1:13-md-2472 (D.R.I.) | Motion to reconsider dismissal or alternatively permit interlocutory appeal Pending | JDR |
| *In re Magnum Hunter Resources Corporation Securities Litigation*, No. 1:13-cv-02668 (S.D.N.Y.) | Appeal Pending | |
| *In re Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. 1:12-md-2409 (D. Mass.) | Trial Ongoing | JDR |
| *In re Oppenheimer Rochester Funds Group Securities Litigation*, No. 1:09-md-02063 (D. Colo.) | Final Approval of Settlement Granted; disbursement Pending. | |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation*, No. 1:09-cv-07666 (N.D. Ill.) | Final Approval of Settlement Granted; Awaiting Disbursement | ELL |
| *In re Pre-Filled Propane Tank Antitrust Litigation*, No. 4:14-md-02567 (W.D. Mo.) | Leadership Applications Under Consideration | ELL |
| *In re Urethane Antitrust Litigation*, No. 2:04-md-01616 (D. Kan.) | Trial Judgment Affirmed on Appeal; *En Banc* Petition Denied | |
| *In re Vehicle Carrier Services Antitrust Litigation*, No. 2:13-cv-03306 (D.N.J.) | Motion to Dismiss Pending | |
| *Keepeseagle, et al. v. Vilsack*, No. 1:99-cv-03119 (D.D.C.) | Final Approval of Settlement Granted; Finalizing Disbursement | |
| *Khoday, et al. v. Symantec Corp.*, et al., No. 0:11-cv-00180 (D. Minn.) | Trial ready; Pending Date Assignment | |
| *Maine State Retirement System v. Countrywide Financial Corporation, et al.*, No. 10-cv-00302 (C.D. Cal.) | Settlement Approved; Objectors' Appeal Pending | |
| *Mallen v. Alphatec Holdings, Inc., et al.*, No. 3:10-cv-01673 (S.D. Cal.) | Appeal Pending | |
| *McIntire v. China Media Express Holdings, Inc, et al.*, No. 1:11-cv-00804 (S.D.N.Y.) | Settlement Reached | ME |
| *Mulligan, et al. v. Impax Laboratories, Inc., et al.*, No. 3:13-cv-01037 (N.D. Cal.) | Settlement Reached | |

| Case | Status | Team |
|------|--------|------|
| *New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, et al., No. 1:08-cv-05653 (S.D.N.Y.) | Class Certified; Discovery Pending | ME |
| *New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc, et al.*, No. 1:08-cv-05310 (S.D.N.Y.) | Motion to Dismiss Denied; Procedural Motions Pending | ME |
| *New Jersey Carpenters Health Fund, et al. v. Residential Capital, LLC, et al.*, No. 1:08-cv-08781 (S.D.N.Y.) | Motion for Summary Judgment Pending | ME |
| *New Jersey Carpenters Health Fund, et al. v. The Royal Bank of Scotland Group, PLC*, No. 2:08-cv-05093 (S.D.N.Y.) | Settlement Approved; Pending Disbursement | ME |
| *Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, NA*, No. 12-cv-2865 (S.D.N.Y.) | Settlement Preliminarily Approved; Final Approval Pending | |
| *Public School Teachers' Pension and Retirement Fund of Chicago v. Guthart, et al.*, No. 5:14-cv-01384 (N.D. Cal.) | Consolidated Amended Complaint Recently Filed; Answer Due in November. | |
| *Singh v. Orthofix International N.V.*, et al., No. 1:13-cv-05696 (S.D.N.Y.) | Motion to Dismiss Pending | |
| *Slipchenko v. Brunel Energy, Inc., et al.*, No. 4:11-cv-01465 (S.D. Tex.) | Settlement Preliminarily Approved; Final Approval Pending | |
| *Tompkins, et al. v. Amedisys, Inc.*, No. 3:12-cv-01082 (D. Conn.) | Class Certiorari Pending | |
| *Tuten v. United Airlines Inc.*, No. 1:12-cv-01561 (D. Colo.) | Settled | |
| *Wallace v. Intralinks Holdings, Inc.*, et al., No. 1:11-cv-08861 (S.D.N.Y.) | Discovery Pending | |
| *Wallach, et al. v. Eaton Corporation, et al.*, No. 1:10-cv-00260 (D. Del.) | Discovery; Class Certification Motion Pending | MJD |

## Wolf Haldenstein Adler Freeman & Herz LLP Cases:

| Case | Status | Team |
|------|--------|------|
| *Ben Z. Halberstam v. NJoy Inc, et al.*, No. 2:14-cv-00428 (C.D. Cal.) | Third Amended Complaint Filed 11/10/14 | |
| *Bezdek v. Vibram USA Inc., et al.*, Nos. 12-10513, 13-10764 (D. Mass.) | Final Settlement Approval Pending | |
| *Brown v. Play It! Amusements, Inc., et al.*, No. 1:13-cv-7558 (S.D.N.Y.) | Preliminary Settlement Approval Pending | |
| Cohen v. UBS Financial Services, Inc., No. 1:12-cv-2147 (S.D.N.Y.) | On Appeal | |
| *In re Citigroup Inc. Securities Litigation*, No. 1:09-cv-7359 (S.D.N.Y.) | Settlement Administration | |
| *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, No. 1:09-cv-03690 (N.D. Ill.) | Settlement Approved, Fee Pending | FTI |
| *In re Empire State Realty Trust, Inc. Investor Litigation*, No. 650607/2012 (Sup. Ct. N.Y. Co.) | Appeal | |
| *In re Groupon Derivative Litigation*, No. 1:12-cv-05300 (N.D. Ill.) | Stayed | |
| *In re Lehman Brothers ERISA Litigation*, Nos. 1:09-md-2017, 1:08-cv-5598 (S.D.N.Y.) | Briefing Motion to Dismiss | |

| Case | Status | Team |
|------|--------|------|
| *In re Long Island Power Authority Hurricane Sandy Litigation*, No. 601434-2013 (Nass. Co. S. Ct.) | Class Certification; Document Discovery | |
| *In re McDonough, et al. v. Toys "R" Us, Inc., et al.*, No. 2:06-cv-00242 (E.D. Pa.) | Final Approval Pending | THB |
| *In re TVIX Securities Litigation*, No. 1:12-cv-4191 (S.D.N.Y.) | On Appeal | |
| *In re UBS Erisa Litigation*, No. 1:08-cv-06696 (S.D.N.Y.) | On Appeal | BAL |
| *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Nos. 1:14-md-02542, 1:14-mc-02542 (S.D.N.Y.) | Amended Complaint Pending | THB; FTI |
| *Leone v. Harper et al.*, (Hot Topic), No. BC502537 (L.A. Superior Court) | Stayed Pending Federal Action | |
| *Lynn v. Tennessee Commerce Bancorp, Inc., et al.*, No. 3:12-cv-01137 (M.D. Tenn.) | Settlement in Principle | |
| *Milman et al v. Thermos L.L.C.*, No. 1:13-cv-07750 (N.D. Ill.) | Settlement Pending Approval | |
| *Pontilena v. Morgan Stanley Smith Barney LLC*, No. 2:11-cv-03121 (D.N.J.) | Class Certification; Discovery | |
| *Rupa Marya v. Warner Chappell Music Inc.*, No. 2:13-cv-04460 (C.D. Cal.) | Cross Motions for Summary Judgment Pending | BAL |
| *Steve Harris et al. v. Amgen, Inc. et al.*, No. 2:07-cv-05442 (C.D. Cal.) | Remanded to district court for further proceedings | |
| *Stevens v. Nuverra Environmental Solutions Incorporated et al*, No. 2:13-cv-1800 (D. Ariz.) | Motion to Dismiss fully briefed, awaiting hearing | |

**Shared Cases:**

| Case | Status | Team |
|------|--------|------|
| *The Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14360 (E.D. Mich.) | Settlement Preliminarily Approved | FTI; BAL |

## CONCLUSION

For the foregoing reasons, we respectfully submit that Cohen Milstein and Wolf Haldenstein should be appointed interim co-lead class counsel.

Dated:      November 14, 2014             Respectfully submitted,


By: */s/ J. Douglas Richards*              By: */s/ Fred T. Isquith*
    J. Douglas Richards                        Fred T. Isquith
    Michael Eisenkraft                         Thomas H. Burt
    COHEN MILSTEIN SELLERS &                   Beth Landes
       TOLL PLLC                               WOLF HALDENSTEIN ADLER FREEMAN &
    88 Pine Street                                HERZ LLP
    14th Floor                                 270 Madison Avenue
    New York, NY 10005                         New York, New York 10016

Tel.:  (212) 838-7797
Fax:  (212) 838-7745

Emmy L. Levens
COHEN MILSTEIN SELLERS &
   TOLL PLLC
1100 New York Ave. NW
Suite 500, East Tower
Washington, DC 20005
Tel.:  (202) 408-4600
Fax:  (202) 408-4699

Manuel J. Dominguez
COHEN MILSTEIN SELLERS &
   TOLL PLLC
2925 PGA Boulevard
Suite 200
Palm Beach Gardens, FL 33410
Tel.:  (561) 515-1400

Tel.:  (212) 545-4600
Fax:  (212) 545-4653

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter.


Dated:  November 14, 2014                    */s/  J. Douglas Richards*
                                             J. Douglas Richards