UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2016

IN RE LONDON SILVER FIXING, LTD. ANTITRUST LITIGATION

14-MD-02573-VEC
14-MC-02573-VEC

This Document Relates to:

ALL ACTIONS

The Honorable Valerie E. Caproni

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING A SETTLEMENT CLASS

UPON the Settlement Agreement between Plaintiffs and Deutsche Bank AG, Deutsche Bank Americas Holding Corporation, DB U.S. Financial Markets Holding Corporation, Deutsche Bank Securities, Inc., Deutsche Bank Trust Corporation, Deutsche Bank Trust Company Americas, and Deutsche Bank AG New York Branch (collectively, "Deutsche Bank") dated September 6, 2016 (the "Settlement Agreement");

UPON all submissions in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Deutsche Bank;

UPON the consent of Deutsche Bank to such motion; and

UPON all prior proceedings herein,

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement as set forth in the Settlement Agreement, as being within the range of what may be found to be fair, reasonable, and adequate to

the Settlement Class for the claims against Deutsche Bank. This is subject to the right of any such Settlement Class Member to challenge the fairness, reasonableness, or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Deutsche Bank, and ordering the release of the Released Claims against DB Released Parties (as defined in Section 1(J) of the Settlement Agreement), should not be entered after due and adequate notice to such Settlement Class. The procedure for such notice to the Settlement Class shall be established in a later order.

3. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness and that notice of the Settlement Agreement should be given to Settlement Class Members.

4. Solely for purposes of the Settlement of the claims against Deutsche Bank, the Court conditionally certifies the following Settlement Class (set forth herein):

> All persons or entities that transacted in U.S.-Related Transactions in or on any over-the-counter market ("OTC") or exchange in physical silver or in a derivative instrument in which silver is the underlying reference asset (collectively, "Silver Instruments"), at any time from January 1, 1999 through the date of this Settlement Agreement.
>
> "U.S.-Related Transaction" means any transaction in a Silver Instrument (a) by any person or entity domiciled in the U.S. or its territories, or (b) by any person or entity domiciled outside the U.S. or its territories but conducted, in whole or in part, in the U.S. or its territories.

Excluded from the Settlement Class are Defendants, and their officers, directors, management, employees, subsidiaries, or affiliates. Also excluded is the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person. Also excluded are the DB Released Parties; and any Class Member who files a timely and valid request for exclusion.

5. The Court finds conditional certification of such Settlement Class on Plaintiffs'

claims against Deutsche Bank for purposes of sending notice of the proposed Settlement of the claims against Deutsche Bank warranted in light of the Settlement because: (i) the proposed Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims against Deutsche Bank present common issues that are typical of the proposed Settlement Class; (iii) Plaintiffs and Class counsel will fairly and adequately represent the proposed Settlement Class; and (iv) common issues on the claims against Deutsche Bank predominate over any individual issues affecting the proposed Settlement Class Members. The Court further finds that Plaintiffs' interests in the claims against Deutsche Bank are aligned with the interests of all other Settlement Class Members. The Court also finds that resolution of this Action on a class basis for purposes of the Settlement as to Deutsche Bank is superior to other means of resolution.

6. If the Effective Date does not occur with respect to the Settlement, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or the Parties (as defined in Section 1(Z) of the Settlement Agreement).

7. The Court appoints Lowey Dannenberg Cohen & Hart, P.C. and Grant & Eisenhofer, P.A. as Class counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court appoints Amalgamated Bank as Escrow Agent for purposes of the Settlement proceeds.

9. Plaintiffs Norman Bailey, Robert Ceru, Christopher DePaoli, John Hayes, Laurence Hughes, KPFF Investment, Inc. f/k/a KP Investment, Inc., Kevin Maher, Eric Nalven, J. Scott Nicholson, and Don Tran, and any other Person named as a named plaintiff in the Action who was not subsequently withdrawn as a named plaintiff, and any named plaintiff who may be added to the

Action through amended or supplemental pleadings (collectively, "Plaintiffs") will serve as representatives of such Settlement Class for purposes of the Settlement.

10. The timing, plan, and forms of the notice to the Settlement Class and the date of a hearing before this Court to consider any Settlement Class Member objections to final approval of the Settlement shall all be determined by separate order of this Court.

11. Deutsche Bank has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations, term sheets, or proceedings connected with it, shall be construed as an admission or concession by Deutsche Bank of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing, or liability of Deutsche Bank; or (ii) of any fault or omission of Deutsche Bank in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

12. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence that the claims of Plaintiffs lacked merit in any proceeding against anyone other than Deutsche Bank in any court, administrative agency, or other tribunal.

13. In the event that the Settlement Agreement is terminated in accordance with its provisions, or the Effective Date fails to occur for any reason, the Parties shall abide by the Effect of Termination provisions set forth in Section 22 of the Settlement Agreement, and the Parties

4

shall otherwise be restored to their respective positions in the Action as of the Execution Date, with all of their respective legal claims and defenses preserved as they existed on that date, and the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Deutsche Bank, and the Settlement Class Members.

14. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Deutsche Bank will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Deutsche Bank will serve any supplemental CAFA Notice as appropriate.

15. The Court's preliminary certification of the Settlement Class, appointment of Plaintiffs as Class Representatives, and appointment of Class Counsel as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

16. Except as provided in Paragraph 4 of the Settlement Agreement, neither Deutsche Bank nor its counsel shall have any liability, obligation, or responsibility with respect to the procedures for providing notice to the Settlement Class, or the investment, allocation, use, disbursement, administration, or oversight of the Settlement Fund.

17. All proceedings in the Action with respect to Deutsche Bank are stayed until further order of the Court, except as may be necessary to enforce the Settlement set forth in the Settlement

Agreement or comply with the terms thereof. Pending the Court's final determination of whether the Settlement should be finally approved, each Plaintiff and Settlement Class Member shall be enjoined from prosecuting in any forum any Plaintiff Released Claim against any of the DB Released Parties, and agrees and covenants not to sue any of the DB Released Parties on the basis of any Plaintiff Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any DB Released Claims.

**SO ORDERED.**

**Date: November 22, 2016**
**New York, New York**          **VALERIE CAPRONI**
                                **United States District Judge**