# MEMO ENDORSED

**ALLEN & OVERY**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/15/2018

May 10, 2018

Allen & Overy LLP
1221 Avenue of the Americas
New York  NY  10020

Tel             212 610 6300
Fax            212 610 6399
Direct line    212 610 6360
michael.feldberg@allenovery.com

**BY ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007-1312

Re:   *In re London Silver Fixing, Ltd. Antitrust Litigation*, No. 14-MD-2573 (VEC)

Dear Judge Caproni:

We are counsel to Barclays Bank PLC ("Barclays") and write on behalf of Barclays, Bank of America Corporation, BNP Paribas Fortis S.A./N.V., Standard Chartered Bank and UBS AG[1] ("Non-Fixing Banks") to apprise the Court of the Second Circuit's recent decision affirming the dismissal of Commodity Exchange Act ("CEA") and Sherman Act claims alleging manipulation of prices for physical and derivative natural gas contracts in *Harry v. Total Gas & Power N.A., Inc.*, No. 17-1199-cv, 2018 WL 2070553 (2d Cir. May 4, 2018) ("*Total Gas*") (attached hereto as Exhibit A).[2]

Using the decision "to clarify" the pleading standards that private plaintiffs must meet under Section 22 of the CEA, *id.* at *4, the Second Circuit held that while the plaintiffs—traders in natural gas derivatives on U.S. national exchanges—made a sufficient showing "to raise" their claims in federal court for Article III constitutional standing purposes, they "failed to provide facts sufficient to allege a plausible connection between their trading and Total Gas's" for purposes of pleading a substantive CEA claim. *Id.* at *6. The Second Circuit then extended its

---

[1]   Additional affiliated moving parties are Barclays Capital, Inc., Barclays Capital Services Ltd., Bank of America N.A. and Merrill Lynch, Pierce, Fenner & Smith Inc.

[2]   In addition, on May 9, 2018, the Second Circuit amended its opinion in *Myun-Uk Choi v. Tower Research Capital* after defendants-appellees filed a petition for rehearing. No. 17-648-cv, slip op. at 4 n.1 (2d Cir. May 9, 2018). The Second Circuit granted the petition without reargument. The amended opinion's only substantive amendment relates to the plaintiff's unjust enrichment claim and has no bearing on the submission relating to the extraterritoriality analysis under the CEA. *Compare id.* at 20 with *Myun-Uk Choi v. Tower Research Capital*, 886 F.3d 229, 238 (2d Cir. 2018).

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (cooperation office), Rome, São Paulo, Seoul, Shanghai, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

reasoning to hold that, without plausible allegations of "artificial prices" in the specific markets in which the plaintiffs traded, the plaintiffs lacked "antitrust standing" to bring claims under the Sherman Act. *Id.* at *8. As a result, the Second Circuit's decision firmly supports the Non-Fixing Banks' arguments that Plaintiffs' Third Consolidated Amended Class Action Complaint ("TAC") fails to state a claim for relief.

In particular, in *Total Gas*, no plaintiff traded directly with any defendant or even in "natural gas or natural gas derivatives at the hubs at which defendants traded." *Id.* at *3. Instead, the plaintiffs alleged that the defendants' "manipulation of fixed-price trades at local hubs caused artificial prices in natural gas contracts at Henry Hub, which, in turn, distorted prices in the derivatives based on Henry Hub prices in which Plaintiffs traded." *Id.* at *6. Rejecting the plaintiffs' allegations, which included statistical studies showing "high cointegration of prices across" hubs, the Second Circuit upheld the district court's ruling that the plaintiffs failed to plausibly allege any connection between their alleged injuries and the defendants' conduct. *Id.* at *7-8. Importantly, the Second Circuit made it clear that where a plaintiff has not traded directly with the defendant, or in a derivative directly tied to the reference price allegedly manipulated by the defendant, the plaintiff must "plead with greater detail" facts suggesting a plausible connection between the conduct and their claimed injuries—"[a]fter all, in a world of increasingly interconnected markets, it is always possible to claim that the price of one commodity affected another to some degree." *Id.* at *6. Absent details establishing such a connection, plaintiffs cannot adequately allege either a CEA injury or an antitrust injury. *Id.* at *6-8.

Like the plaintiffs in *Total Gas*, Plaintiffs here have failed to plausibly allege any connection between their claimed injuries and the Non-Fixing Banks' conduct. *First*, Plaintiffs assert injuries resulting from the alleged manipulation of the London Silver Fixing, which they claim in turn affected other silver instruments in which they traded, but they fail to plausibly allege with any detail a connection between their claimed injuries and the Non-Fixing Banks' conduct. Indeed, Plaintiffs have not plausibly alleged that the Non-Fixing Banks, which were not members of the Silver Fixing panel, controlled the Silver Fixing price, nor have they alleged that any Plaintiff traded directly with any Non-Fixing Bank or even traded in silver instruments tied to the Silver Fixing price.[3] And while Plaintiffs cite to statistical studies showing that alleged manipulation of the Silver Fixing prices impacted the silver futures markets, much like the plaintiffs in *Total Gas*, the statistical analyses Plaintiffs rely on actually contradict their allegations with respect to the Non-Fixing Banks. (Defs. Mem. at 14-15, 37-38.) None of the chats cited by Plaintiffs remedy these fundamental defects. (Defs. Mem. at 10-13, 37-38.)

*Second*, Plaintiffs' allegations that they were injured by the Non-Fixing Banks' alleged manipulation of bid-ask spread levels in spot silver markets or other coordinated trading techniques in separate silver trading markets are even more flawed following *Total Gas*. *See Total Gas*, 2018 WL 2070553, at *7. Plaintiffs' statistical studies with respect to bid-ask spread manipulation again contradict their allegations that the Non-Fixing Banks were involved in any

---

[3] *See, e.g.*, Non-Fixing Banks' Joint Memorandum Of Law In Support Of Their Motion To Dismiss The Third Consolidated Amended Class Action Complaint ("Defs. Mem"), ECF No. 303, at 10-15, 35-41.

conspiracy to manipulate silver prices. (Defs. Mem. at 16-17, 38-39.) And Plaintiffs cite no economic analyses at all linking the purported coordinated trading techniques by Non-Fixing Banks to silver prices in the instruments traded by Plaintiffs. (Defs. Mem. at 17-18, 39-41.)

*Third*, as in *Total Gas*, the allegations here provide "just as much support for the proposition that [Plaintiffs] *benefitted*" from the conduct "as for the proposition that they were *harmed* by it." *Total Gas*, 2018 WL 2070553, at *7. Indeed, Plaintiffs allege nothing more than the dates (without times or counterparties) of sales of silver financial instruments and physical silver, with no details concerning how Plaintiffs entered into any silver-related transactions. (*See* TAC App. D.) Even for the limited allegations that are based on excerpted chats, Plaintiffs do not tie those chats to particular transactions nor do they even allege that they transacted in the same or similar silver-related products on the days any of those chats took place. These pleading failures are particularly acute as to the Non-Fixing Banks given the lack of statistical or other allegations plausibly linking them to any impact on silver market prices with respect to either the Silver Fixing claims or the bid-ask spread and coordinated trading claims (for which Plaintiffs actually allege prices moved both up and down).[4]

*Finally*, for much the same reasons, *Total Gas* confirms that Plaintiffs fail to adequately allege antitrust injury. (*See* Defs. Mem. 20-22.) Because they cannot plausibly plead injury, or any connection between the misconduct they allege of the Non-Fixing Banks and the injuries they claim to have suffered, "there is no reason to examine whether Plaintiffs are efficient enforcers," because by definition "they cannot be," and "[a]ny further analysis . . . is superfluous." *Total Gas*, 2018 WL 2070553, at *8.

Accordingly, *Total Gas* provides further Second Circuit authority under which to grant the Non-Fixing Banks' motion to dismiss plaintiffs' CEA and Sherman Act claims for failure to state a claim.

Plaintiffs may file a letter brief responding to the Non-Fixing Banks' notice of supplemental authority by May 21, 2018.
If Plaintiffs choose to respond, they must address why it is not appropriate for the Court to deem the Non-Fixing Banks' notice of supplemental authority to be a letter brief raising the argument that Plaintiffs' cannot state a CEA injury for purposes of their claims based on coordinated trading and episodic market manipulation.  SO ORDERED.

Respectfully submitted,

/s/ Michael S. Feldberg
Michael S. Feldberg

*Valerie Caproni* (signature)

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE   5/15/2018

---

[4] *See* Non-Fixing Banks' Joint Reply Memorandum Of Law In Further Support Of Their Motion To Dismiss The Third Consolidated Amended Class Action Complaint, ECF No. 338, at 4-6.