# SHEARMAN & STERLING LLP

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

adam.hakki@shearman.com
212.848.4924

**Via ECF and Hand Delivery**

July 12, 2019

Hon. Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Hon. Alison J. Nathan
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Hon. Alvin K. Hellerstein
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

*In re Silver Fixing, Ltd. Antitrust Litig.*, No. 1:14-md-2573 (VEC) (S.D.N.Y.) ("*Silver*")

*Gamma Traders-1 LLC et al. v. Merrill Lynch Commodities, Inc. et al.*, No. 1:19-cv-6002 (AJN) (S.D.N.Y.) ("*Gamma*")

*Robert Charles Class A L.P. et al. v. Merrill Lynch Commodities, Inc. et al.*, No. 1:19-cv-6172 (AKH) (S.D.N.Y.) ("*Charles*")

*Yuri Alishaev et al. v. Merrill Lynch Commodities, Inc. et al.*, No. 1:19-cv-6488 (S.D.N.Y.) ("*Alishaev*")

Dear Judge Caproni, Judge Hellerstein, and Judge Nathan:

We represent the Bank of America and Merrill Lynch entities named as Defendants in the above-referenced actions ("Bank of America/Merrill Lynch").[1]  Pursuant to Rule 13(b)(3) of the Court's Rules for the Division of Business Among District Judges ("DOB Rules") and Local

---

[1] The complaints in the *Gamma*, *Charles*, and *Alishaev* actions name as defendants Merrill Lynch Commodities, Inc. ("MLCI") and Bank of America Corporation ("BAC").  The *Silver* action named as defendants BAC and Merrill Lynch, Pierce, Fenner & Smith, Incorporated and Bank of America, N.A.

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

July 12, 2019

Civil Rule 1.6, we write to advise the Court of four related actions and to respectfully request the transfer of the *Gamma*, *Charles*, and *Alishaev* actions to Judge Caproni as related to the *Silver* action.  Morgan Stanley & Co. LLC ("Morgan Stanley"), a defendant in the *Gamma* and *Alishaev* actions, also consents to this request.[2]

Bank of America/Merrill Lynch respectfully submits that the recently filed *Gamma*, *Charles*, and *Alishaev* actions are clearly related, within the meaning of the applicable rules, to the previously filed *Silver* action because they are based on the *same* alleged conduct and assert overlapping legal claims.  All four cases are purported class actions alleging that, *inter alia*, two former Bank of America/Merrill Lynch traders – both of whom are defendants in the *Gamma*, *Charles*, and *Alishaev* actions – engaged in "spoofing" to manipulate precious metals futures contracts in violation of the Commodity Exchange Act ("CEA") and other laws.  The four cases rely on the same government investigations, the same criminal complaint filed against the two traders, and the same electronic chats and trades involving those traders.  In other words, there is not just factual overlap but there are *identical factual predicates* across all four cases.  The *Gamma*, *Charles*, and *Alishaev* cases thus should be designated as related to the first-filed *Silver* case and transferred to Judge Caproni, who is already very familiar with the allegations, in accordance with DOB Rule 13(b)(3).

**Background**

The *Silver* plaintiffs filed their initial complaint in 2014, and they added Bank of America/Merrill Lynch parties as defendants in 2017.  *Silver* ECF No. 258.[3]  The operative complaint alleges that Bank of America/Merrill Lynch and other financial institutions manipulated the price of silver and silver-based financial products in violation of the antitrust laws and the CEA; plaintiffs also assert a claim of unjust enrichment.

The *Silver* plaintiffs' allegations against Bank of America/Merrill Lynch rely primarily on quotes from electronic chat communications involving former employee Edward Bases.  Bank of America/Merrill Lynch filed a motion to dismiss, and while the motion was pending, the U.S. Department of Justice ("DOJ") unsealed a criminal complaint against Mr. Bases and another former Bank of America/Merrill Lynch employee, John Pacilio, alleging that they engaged in spoofing to manipulate gold, silver, platinum, and palladium futures contracts.  The *Silver* plaintiffs (in submissions made by the same counsel who represent the *Gamma* plaintiffs) specifically provided the Court with the criminal complaint and submitted supplemental written arguments to Judge Caproni explaining why the complaint supported plaintiffs' claims.  *See Silver* ECF No. 344.  On July 25, 2018, the Court granted Bank of America/Merrill Lynch's motion to dismiss with prejudice, notwithstanding plaintiffs' arguments with respect to the criminal prosecutions that specifically underlie the *Gamma*, *Charles*, and *Alishaev* actions.  *Silver* ECF No. 363.  No judgment has been entered, and the *Silver* plaintiffs recently served

---

[2] No defendants appear to have been served in the *Gamma*, *Charles*, and *Alishaev* actions.  Bank of America/Merrill Lynch and Morgan Stanley therefore reserve all rights and defenses, including with respect to service of process.  Bank of America/Merrill Lynch is submitting this letter prior to service solely to apprise the Court of the relatedness of these actions.

[3] The *Silver* plaintiffs sought leave to amend to add BAC and certain of its affiliates as defendants on November 17, 2016.  *Silver* ECF No. 163.  The Court granted leave to amend on June 8, 2017.  *Silver* ECF No. 253.

July 12, 2019

third-party discovery on Bank of America/Merrill Lynch, which thus remains active in that respect in the *Silver* action.

On June 25, 2019, MCLI entered a non-prosecution agreement with the DOJ and a settlement with the U.S. Commodity Futures Trading Commission based on the same alleged conduct underlying the Bases and Pacilio criminal complaint. Two days later, the *Gamma* plaintiffs commenced the *Gamma* action. The *Gamma* action, like the *Silver* action and by the same counsel, alleges violations of the CEA based on the same criminal complaint and underlying conduct as *Silver*, and names as defendants BAC, MLCI, Mr. Bases, Mr. Pacilio, and Morgan Stanley. The *Gamma* plaintiffs did not file a relatedness statement, and it was assigned to Judge Nathan.

On July 2, 2019, the *Charles* plaintiffs filed a complaint based on the same underlying facts relied upon in *Gamma* and *Silver*. The *Charles* plaintiffs filed a related case statement designating *Charles* as related to a case pending before Judge Koeltl, *In re JPMorgan Precious Metals Spoofing*, No. 1:18-cv-10356 (JGK) (S.D.N.Y.). On July 8, 2019, Judge Koeltl declined plaintiffs' suggestion of relatedness, and the *Charles* action was assigned to Judge Hellerstein. Later that day, the *Charles* plaintiffs filed a statement of relatedness designating the *Charles* action as related to the *Gamma* action. To our knowledge, the Court has not yet accepted or rejected the case as related. On July 12, 2019, the *Alishaev* plaintiffs filed a complaint based on the same underlying facts relied upon in *Gamma*, *Charles*, and *Silver*. The *Alishaev* plaintiffs also have filed a statement of relatedness designating the *Alishaev* action as related to the *Gamma* action. No judge has yet been assigned to the *Alishaev* action.

Bank of America/Merrill Lynch agrees that the *Gamma*, *Charles*, and *Alishaev* actions are related, as noted, but also believes that all three cases are related to *Silver*, as explained below.

**The *Gamma*, *Charles*, and *Alishaev* Actions Are Related to *Silver***

In determining relatedness under DOB Rule 13(a)(1), the Court considers:

> whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

Applying these factors, it is clear that the *Gamma*, *Charles*, and *Alishaev* actions are related to the *Silver* action and should be transferred to Judge Caproni.

*First*, as discussed above, the four actions involve nearly identical "transactions [and] events" and "substantial factual overlap." They arise out of the same alleged conduct by Messrs. Bases and Pacilio and rely on their chats, the criminal complaint, and the related investigations.[4] All

---

[4] The *Gamma* and *Charles* actions both name Bank of America/Merrill Lynch entities and Messrs. Bases and Pacilio as defendants. Morgan Stanley is only a named defendant in the *Gamma* and *Alishaev* actions. Plaintiffs' addition of MLCI, Morgan Stanley, and Messrs. Bases and Pacilio as defendants in these actions does not change

July 12, 2019

four complaints allege that defendants "spoofed" by placing electronic orders to buy or sell precious metals futures contracts with the intent to cancel the orders before execution. *E.g.*, *Silver* ECF No. 258 ¶¶ 261, 262; *Gamma* ECF No. 1 ¶¶ 39-46, 48, 51, 53, 56, 58, 60; *Charles* ECF No. 1 ¶¶ 15, 17, 20-24; *Alishaev* ECF No. 1 ¶¶ 31-35, 37-50, 54. The cases also allege that the spoofing created an artificial price in violation of the CEA, causing damages to plaintiffs that purchased or sold futures contracts.

*Second*, there is a meaningful risk that the parties will be subject to conflicting orders, as Judge Caproni already has determined that the facts alleged in *Silver* do not state a cause of action against Bank of America/Merrill Lynch, and almost identical issues will be raised in any motion to dismiss the newly filed actions, including specifically plaintiffs' failure to adequately plead their CEA claims. Moreover, there is substantial overlap in the four class definitions, creating a significant risk of inconsistent orders on any class certification motion (if the cases survive a motion to dismiss, which they should not).[5]

*Third*, absent a determination of relatedness there will be substantial duplication of effort and expense, undue burden, and a waste of judicial resources. At the motion to dismiss stage in *Gamma*, *Charles*, and *Alishaev*, there would be inefficiencies if the parties had to present to multiple judges the same factual predicates and legal arguments, and if multiple judges had to assess these arguments, especially since these arguments and factual predicates have already been considered in *Silver*. And if the *Gamma*, *Charles*, and *Alishaev* actions survive a motion to dismiss, there undoubtedly would be substantial duplication of the discovery ongoing in *Silver* given the significant factual overlap. Although Bank of America/Merrill Lynch has been dismissed from *Silver*, it was recently served with a third-party subpoena, which undoubtedly would be duplicative of any discovery in *Gamma*, *Charles*, and *Alishaev*. Messrs. Bases and

---

the fact that Judge Caproni already assessed in the *Silver* action the relevant conduct alleged against these parties in the *Gamma*, *Charles*, and *Alishaev* actions. In fact, the only specific allegation brought against Morgan Stanley appears to be that it employed Mr. Pacilio, and that there were days during his employment when he allegedly engaged in improper trading activities. *Gamma* ECF No. 1 ¶¶ 14, 51, 53, 56, 58, 60; *Alishaev* ECF No. 1 ¶¶ 17, 19, 52-53. Judge Caproni previously assessed these allegations against Mr. Pacilio. *See Silver* ECF No. 363 at 51-52, 60.

[5] We note that also pending before Judge Caproni is *In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, No. 1:14-md-2573 (VEC) (S.D.N.Y.) ("*Gold*"), which involves allegations similar to *Silver* but related to the market for gold products (*i.e.*, *Gold* involves allegations that defendants in that proceeding manipulated the price of gold and gold-based financial products in violation of the antitrust laws and the CEA; plaintiffs also asserted a claim of unjust enrichment). Since being assigned both proceedings by the Joint Panel on Multidistrict Litigation ("JPML"), and following resolution of the initial motions to dismiss, Judge Caproni has directed the parties in *Silver* and *Gold* to coordinate their discovery schedules to proceed along similar timelines. *See, e.g.*, *Silver* ECF No. 151; *Gold* ECF No. 158. In fact, the JPML recognized the efficiencies of consolidating these actions before Judge Caproni, including "significant efficiencies for the parties and their counsel, as well as [the] conserve[ation of] judicial resources." *Silver* ECF No. 1 at 2. We further note that in addition to alleging spoofing transactions in the silver market, the *Gamma*, *Charles*, and *Alishaev* actions also allege spoofing transactions in the gold market. *See Gamma* ECF No. 1 ¶¶ 45-46, 48, 51, 53; *Charles* ECF No. 1 ¶¶ 22-24; *Alishaev* ECF No. 1 ¶¶ 45-48, 50. While the *Gamma*, *Charles*, and *Alishaev* actions also allege spoofing transactions in other precious metals markets, all of these allegations are based on the same spoofing conduct at issue in the criminal complaint brought against Messrs. Bases and Pacilio, which, as noted above, was extensively examined by Judge Caproni.

July 12, 2019

Pacilio, other defendants, and third parties likewise would be subject to virtually identical discovery in all four cases.

* * *

For the foregoing reasons, Bank of America/Merrill Lynch respectfully requests that the *Gamma*, *Charles*, and *Alishaev* actions be designated as related to the *Silver* action and transferred to Judge Caproni.

Respectfully submitted,

/s/ Adam S. Hakki
Adam S. Hakki

cc: All Counsel of Record (via ECF)