June 12, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

      **Re:**    ***In re London Silver Fixing Ltd. Antitrust Litig.*,**
             **Case No. 14-MD-2573 (VEC) (S.D.N.Y.)**

Dear Judge Caproni:

Pursuant to Part (8)(a)(1)(vii) of the Discovery Schedule (Dkt. 371), as amended by the Court's May 24, 2019 Order, the parties jointly submit this letter updating the Court on the parties' recent discovery progress.[1]

1. **Proposed Amendment to the Fact Discovery Schedule**

The parties continue to monitor the various directives and guidance by authorities in the U.S. and elsewhere issued in response to the coronavirus pandemic to determine whether an additional adjournment to the discovery schedule is warranted. The parties agree that no deposition scheduling communications shall occur prior to the next status report.

In balancing the uncertainty surrounding the ongoing pandemic and the goals of completing fact discovery by a date certain, the parties jointly request that the Court grant an additional interim extension to commence depositions on August 6, 2020 and complete fact discovery on March 16, 2021. In the coming weeks, the parties intend to propose a formal revised schedule for the commencement of depositions, either live or via videoconference, in September or October 2020, and the subsequent completion of fact discovery in 2021. The parties will continue to meet and confer regarding a number of issues regarding depositions, including among other things, a framework for determining whether depositions generally or in a specific instance should proceed by video or in person, a framework for how to conduct video depositions, and other considerations the parties anticipate identifying as they work through these issues.

2. **Depositions**

Plaintiffs and BNS have agreed on a total of 11 depositions of BNS witnesses, with no more than 9 being fact witnesses. Plaintiffs and HSBC have agreed on a total of 12 depositions of HSBC witnesses, with no more than 10 being fact witnesses and no more than 2 days of 30(b)(6) deposition testimony.

---

[1] The parties jointly agreed to postpone the submission of this status update until today, as contemplated under the Court's February 13, 2019 Order.

The parties will continue to meet and confer regarding cross-noticing of depositions.

## 3. Plaintiffs' Expert Productions

Defendants notified Plaintiffs on May 19, 2020, that based on Defendants' review of the consultant analyses that Plaintiffs produced to Defendants pursuant to the Court's Order, Plaintiffs' production contains computer-generated charts that, in Defendants' view, "tend to . . . disprove the existence of any efforts by Defendants to distort or manipulate the price of silver relating to the London Silver Fixing."  *See* Order dated Feb. 25, 2019, ECF No. 403.  Defendants' letter (1) identified specific computer-generated charts for which Defendants allege Plaintiffs have not produced the underlying "datasets, . . . computer programs or code" used to generate such charts, notwithstanding Plaintiffs' February 11, 2020 email to Defendants stating that they have completed their production in response to this Court's Order, and (2) renewed Defendants' demand that Plaintiffs produce all communications between and among Plaintiffs' counsel and experts, as well as any remaining unproduced data and code files responsive to the February 25, 2019 Order. Plaintiffs responded by letter dated May 29, 2020, declining to produce communications because "Defendants did not move to compel the production of communications between Plaintiffs' counsel and their consultants, the Court's Order [on the Motion to Compel] did not require the production of such communications, and Defendants' *post hoc* attempt to bring those communications into the scope of the Order fails."  Plaintiffs' Ltr. 5/29/20.  Plaintiffs informed Defendants they would respond in a separate letter to address the specific code and data questions identified in Defendants' letter.

## 4. Document and Data Productions

### a. Production of Trade Data

Plaintiffs are continuing to review BNS's pseudonymized trade data to ensure its completeness and will raise deficiencies with BNS, as needed.

HSBC produced its PMC data on May 8, 2020.  HSBC has represented to Plaintiffs that it is working through technical issues regarding its Murex data and has pledged that the Murex production will occur promptly once those technical issues are resolved. Plaintiffs reserve all rights on this issue, including to ensure completeness of the data and to raise any deficiencies.  Plaintiffs raised certain issues regarding HSBC's trade data and the parties will continue to meet and confer on those issues.

### b. Unmasking of CME data

Plaintiffs and HSBC continue to discuss outstanding issues relating to HSBC certifying it has produced the complete and accurate body of information relating to the unmasking process with the CME.  The parties expect to finalize these discussions over the next month and will identify any remaining open items to the Court in the next status letter, if necessary.

### c. Unmasking of Other Third-Party Data

Plaintiffs continue to work with third parties to provide information to and coordinate with Defendants in an effort to alleviate Defendants' concerns regarding the unmasking of third-party

transaction data.  On May 13, 2020, Plaintiffs requested that Defendants identify what additional information they need to unmask third party data in their productions.  On June 4, BNS responded that "in addition to the fields that you are aware of from our transaction data," the "full legal name of the entities/individuals" and the "address of the entities/individuals" "would be helpful in potentially identifying the data of third parties."  BNS would also require written consent from the third parties for the unmasking of this data."  HSBC responded to Plaintiffs' request by stating HSBC "will require written consent from the third parties for the unmasking, as well as the full legal name of the entities/individuals."  Plaintiffs expect to discuss these requirements with the third parties and then continue to meet and confer on this issue with Defendants.

5.   **Privilege Logs**

On May 27, 2020, the parties met and conferred on the issues Plaintiffs had raised with respect to categorical privilege logs Defendants proposed to submit in lieu of traditional privilege logs.  Defendants are preparing a response to the issues Plaintiffs raised.

Respectfully submitted,


| /s/ Deborah A. Elman | /s/ Thomas Skelton |
|---|---|
| Robert G. Eisler | Vincent Briganti |
| Deborah A. Elman | Thomas Skelton |
| Chad Holtzman | Christian Levis |
| GRANT & EISENHOFER PA | Jonathan Seredynski |
| 485 Lexington Avenue, 29th Floor | LOWEY DANNENBERG P.C. |
| New York, NY 10017 | 44 South Broadway, Suite 1100 |
|  | White Plains, NY 10601 |

*Interim Co-Lead Counsel for Silver Plaintiffs and the Proposed Silver Class*


| /s/ Stephen Ehrenberg | /s/ Damien J. Marshall |
|---|---|
| Stephen Ehrenberg | Damien J. Marshall |
| William H. Wagener | Leigh M. Nathanson |
| Virginia R. Hildreth | Laura E. Harris |
| SULLIVAN & CROMWELL LLP | BOIES SCHILLER FLEXNER LLP |
| 125 Broad Street | 55 Hudson Yards |
| New York, NY 10004 | New York, NY 10001 |

*Attorneys for The Bank of Nova Scotia*          *Attorneys for the HSBC Defendants*
*Defendants and Liaison Defense Counsel*