```
                                                            USDC SDNY
                                                            DOCUMENT
                                                            ELECTRONICALLY FILED
                                                            DOC #:_____
                                                            DATE FILED: 5/6/2021
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LONDON SILVER FIXING, LTD. ANTITRUST LITIGATION | Case No. 1:14-MD-2573 (VEC) |

### ORDER GRANTING UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTING COMMISSIONER, AND DIRECTION OF SUBMISSION OF HAGUE APPLICATION

The Court, having reviewed the papers submitted in support of Plaintiffs' Unopposed Motion for Issuance of Letter of Request for International Judicial Assistance, Appointment of Commissioner, and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Letter of Request for International Judicial Assistance to authorize a commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No.7444, 23 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS that:

(1) The Motion is GRANTED.

(2) The form of Request for Assistance attached to the Declaration of Deborah A. Elman attached as Exhibit A is hereby issued as the Court's request for Assistance and is fully incorporated herein.

(3) Pursuant to Article 17 of the Hague Convention, Mr. Alexander Blumrosen, a member of the Bars of Paris and New York, whose address is Polaris Law, 4 Avenue Hoche, 75008 Paris, France, (the "Commissioner"), is hereby duly appointed,

pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to supervise the deposition testimony of Ms. Isabelle Garreau at a time to be agreed to by the parties and Ms. Garreau, and in performance of his appointment as Commissioner and duties thereunder, upon completion to inform the Ministère de la Justice of France and transmit a copy of the deposition transcript and exhibits to counsel for the parties.

(4) This signed Order and the signed Request for Assistance will be given to Grant & Eisenhofer P.A., co-lead counsel for Plaintiffs, which will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Département de l'Entraide, du Droit International Privé et Européen, 13, Place Vendome, 75042 Paris Cedex 01, France.

(5) Plaintiffs will use their best efforts to promptly obtain the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner.

(6) The Confidentiality Stipulation and Protective Order entered on January 18, 2017, in this action (ECF No. 203), shall apply to this deposition.

(7) Any unresolved disputes between the Plaintiffs and Defendant BNS regarding depositions or other discovery, including assertions of privilege, shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court in the above-captioned action.

(8) All costs of the direct examination of the witness for this Hague Convention process, including, without limitation, the fees of the Commissioner and translation fees for these motion papers, will be borne by Plaintiffs. Each party will be responsible for the fees and

expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

(9) Neither this Order, nor the terms of the Request for Assistance (which are incorporated into this Order), shall constitute or operate as a waiver of any argument, position, objection, allegation or claim or defense of any party in the above-captioned action, including the right of Plaintiffs to move the Court to compel Defendant BNS's responses to any of Plaintiffs' discovery requests to Defendant BNS, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Fed. R. Civ. P. 26(b)(5).

Date: May 6, 2021
New York, New York

SO ORDERED

HON. VALERIE E. CAPRONI
United States District Judge