June 1, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, New York 10007-1312

      Re:    *In re London Silver Fixing, Ltd., Antitrust Litig.*,
              Nos. 14-MD-2573 (VEC), 14-MC-2573 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

      Pursuant to Rule 2(c) of Your Honor's Individual Rules, Plaintiffs write to seek permission to amend the Fourth Amended Discovery Schedule entered in this action on May 5, 2021, for the sole purpose to allow Plaintiff Christopher DePaoli to be permitted to sit for his deposition on Sunday, June 6th or Sunday, June 13th.

      On May 4, 2021, the parties jointly submitted a Proposed Fourth Amended Fact Discovery Schedule (ECF No. 98) that extended the deadline for the completion of the depositions of two former BNS employees and any depositions of HSBC witnesses on the Plaintiffs' witness list which had not yet been scheduled up to June 25th and extended the deadline to July 16, 2021, for the depositions of two former Deutsche Bank employees. The Fourth Amended Fact Discovery Schedule also provided that, "Absent exigent circumstances, the parties will not make further requests for the extension of any fact depositions." On May 5, 2021, the court so-ordered the Fourth Amended Fact Discovery.

      Defendants sent a scheduling communication for the deposition of individual plaintiff Christopher DePaoli on April 1, 2021, requesting that Mr. DePaoli be deposed on April 19, 22 or 23. Plaintiffs responded on April 15 that Mr. DePaoli was only available on May 16, a Sunday, because of his work schedule and child care obligations. Because Mr. DePaoli was unable to be deposed on any weekday prior to May 26, 2021 (the end of fact discovery) as required by the deposition protocol, Defendants agreed to Plaintiffs' request to schedule the deposition for Sunday, May 16, 2021.[1] On May 6, Plaintiffs advised Defendants that Mr. DePaoli was not available to sit for his deposition, and proposed that it take place instead on Sunday, June 6 or Sunday, June 13. On May 12, in response to Defendants' inquiry regarding the reasons for Mr. DePaoli's unavailability, Plaintiffs further advised Defendants that Mr. DePaoli was unavailable on May 16 due to his status as a small business owner and single parent, that his responsibilities as caretaker

---

[1] The Deposition Protocol in this case permits depositions only during weekdays.

1

for his two-year-old daughter caused an unmovable conflict for the deposition to proceed on May 16, and that he was not available any other day prior to the close of fact discovery on May 26.

Exigent circumstances exist to permit Mr. DePaoli to sit for his deposition on a Sunday in June. Specifically, Mr. DePaoli owns and runs a small business that requires him to be physically present during the workweek and during business hours. Given the economic difficulties associated with owning and operating a small business over the last fifteen months, Mr. DePaoli's financial livelihood now depends on his ability to keep his business open during the work week and after he postponed his deposition on May 16th he was not available to sit for a deposition during another day prior to the close of fact discovery on May 26th. Mr. DePaoli has been highly cooperative during this litigation, takes his role as a class representative very seriously, and is committed to be deposed in this case.

Plaintiffs therefore request that Mr. DePaoli be permitted to sit for his deposition on Sunday June 6th or Sunday June 13th. No other deadlines will be affected and the Fourth Amended Scheduling Order remains in effect except for the sole purpose to permit named individual Plaintiff Christopher DePaoli to be deposed by Defendants on Sunday, June 6th or Sunday, June 13th.

Defendants believe that Mr. DePaoli's inability to make himself available for a single day prior to May 26, 2021—despite Defendants' attempts to schedule his deposition with approximately eight weeks remaining in the fact discovery period, and despite Defendants' willingness to grant his request to proceed with his deposition on a Sunday—demonstrates his inadequacy as a class representative because he cannot or will not devote the necessary time to serve in that capacity. Defendants reserve all rights with respect to Mr. DePaoli but will not now oppose Plaintiffs' request. If the Court grants Plaintiffs' request, Defendants will proceed on one of those dates.

Respectfully submitted,

/s/ *Thomas Skelton*
Vincent Briganti
Thomas Skelton
Christian Levis
Jonathan Seredynski
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

/s/ *Deborah Elman*
Robert G. Eisler
Deborah A. Elman
Chad Holtzman
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017