USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LONDON SILVER FIXING, LTD. ANTITRUST LITIGATION | 14-MD-02573-VEC<br>14-MC-02573-VEC |
| This Document Relates to:<br><br>ALL ACTIONS | The Honorable Valerie E. Caproni |

**FINAL APPROVAL ORDER OF SETTLEMENT WITH
DEUTSCHE BANK AG, DEUTSCHE BANK AMERICAS HOLDING CORPORATION,
DB U.S. FINANCIAL MARKETS HOLDING CORPORATION, DEUTSCHE BANK
SECURITIES, INC., DEUTSCHE BANK TRUST CORPORATION, DEUTSCHE BANK
TRUST COMPANY AMERICAS, AND DEUTSCHE BANK AG NEW YORK BRANCH**

This matter came before the Court for a duly-noticed hearing on April 8, 2021 (the "Fairness Hearing"), upon Representative Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendants Deutsche Bank AG; Deutsche Bank Americas Holding Corporation, DB U.S. Financial Markets Holding Corporation, Deutsche Bank Securities, Inc.; Deutsche Bank Trust Corporation, Deutsche Bank Trust Company Americas; Deutsche Bank AG New York Branch, and their subsidiaries and affiliates (collectively, "Deutsche Bank"), which was consented to by Deutsche Bank (together with Representative Plaintiffs, the "Parties"). Due and adequate notice of the Stipulation and Agreement of Settlement with Deutsche Bank dated September 6, 2016 (the "Settlement Agreement") having been given to Settlement Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's November 23, 2016 Order Preliminarily Approving Class Action Settlement and Conditionally Certifying a Settlement Class (the "Preliminary Approval Order"). ECF No. 166. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby

finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Deutsche Bank's alleged manipulation of the Silver Fix, FED. R. CIV. P. 23(a)(2); (iii) Representative Plaintiffs' claims in this litigation are typical of those of Settlement Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Representative Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members, all of whose claims arise from the identical factual predicate, and Representative Plaintiffs and Interim Co-Lead Counsel have adequately represented the interests of all Settlement Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4.  This Court has personal jurisdiction over Representative Plaintiffs, Deutsche Bank (in this Action only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

5.  The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Interim Co-Lead Counsel's application for the attorneys' fee award and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with

respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.

6. The Court finds that one (1) Settlement Class Member has validly requested to be excluded from the Settlement Class as it relates to the Settlement. The excluded Settlement Class Member is identified at ECF No. 495-1. The excluded Settlement Class Member shall have no rights with respect to the Settlement Agreement, shall receive no payment from the sums provided for in the Settlement Agreement and shall be deemed to have excluded themselves from the Action as against Deutsche Bank.

7. The Court finds that no timely objections to the proposed Settlement have been submitted. Notwithstanding the lack of timely objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

8. It is hereby determined that Representative Plaintiffs and Deutsche Bank are bound by the Settlement Agreement and this Final Approval Order, and the Released Claims against any of the DB Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Representative Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Interim Co-Lead Counsel and Representative Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement

Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats class members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Representative Plaintiffs or Deutsche Bank, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Representative Plaintiffs' claims shall be null and void with respect to such Settlement; Representative Plaintiffs' claims shall be reinstated; Deutsche Bank's defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions as of the Execution Date of the Settlement Agreement. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11. The Settlement Fund defined in the Settlement Agreement has been established as a trust and as a fiduciary account (the "Settlement Fiduciary Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified

settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to Settlement Class Members. In addition, without affecting the finality of this Final Approval Order, Representative Plaintiffs, Deutsche Bank, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement. Any disputes involving Representative Plaintiffs, Deutsche Bank, or Settlement Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13. Each Settling Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Settling Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement. Notwithstanding the foregoing, each Settling Class Member's claim shall be released pursuant to Section 12 of the Settlement Agreement, regardless of whether the Settling Class Member executes a release and covenant not to sue pursuant to this paragraph 13. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator.

14. The Court hereby approves the Plaintiff Releasing Parties' and the DB Releasing Parties' releases of their respective Released Claims as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[1]

---

[1] The Released Claims under the Settlement Agreement are as follows:

(A) The Plaintiff Releasing Parties finally and forever release and discharge from, and covenant not to sue or assist any third party in commencing or maintaining any suit or action against, the DB Released Parties for any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which any Class Plaintiffs or Class Members ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the DB Released Parties arising from or relating in any way to conduct alleged in the Action or that could have been alleged in the Action against the DB Released Parties, regardless of the source of law or other authority relied upon, concerning U.S.-Related Transactions in any Silver Instrument at any time from January 1, 1999 through the date of the Settlement Agreement (the "Plaintiff Released Claims"). The definition of "Plaintiff Released Claims" is intended to have the broadest possible application, but, for the avoidance of doubt, Plaintiff Released Claims does not include claims that arise exclusively under foreign law and that relate to transactions in Silver Instruments for which irrevocable liability was incurred, or title was passed, entirely outside the United States.

(B) The DB Releasing Parties finally and forever release and discharge from and covenant not to sue the Plaintiff Released Parties for any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which any DB Releasing Parties ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Plaintiff Released Parties arising from or relating in any way to the prosecution of the Action (the "DB Released Claims").

(C) "Unknown Claims" is understood to mean any claims against the released party which releasing party does not know or suspect to exist in his, her, or its favor as of the effective date of this Agreement, which if known might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all of such claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Releasing Parties shall have expressly waived, and each Plaintiff Releasing Party and DB Releasing Party shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. The Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the release. Nevertheless, the Plaintiff Releasing Parties shall expressly, fully,

15. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against a DB Released Party involving a Plaintiff Released Claim and against a Plaintiff Released Party involving a DB Released Claim, and shall also be binding on the their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

16. The Court permanently bars and enjoins Plaintiff Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Deutsche Bank or any of the DB Released Parties based on the Plaintiff Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Deutsche Bank or any of the DB Released Parties based on the Plaintiff Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or

---

finally, and forever settle and release, and each Settlement Class member upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Plaintiff Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The DB Releasing Parties shall expressly, fully, finally, and forever settle and release, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all DB Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge that the inclusion of "Unknown Claims" in the definition of the Plaintiff and DB Released Claims was separately bargained for and was a key element of this Settlement Agreement.

seeking class certification in a pending action) against Deutsche Bank or any of the DB Released Parties based on the Plaintiff Released Claims.

17. The Court permanently bars and enjoins claims by any Person against Deutsche Bank or any of the DB Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise. Should any court determine that any Defendant is/was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from Deutsche Bank arising out of or related to Plaintiff Released Claims, any money judgment subsequently obtained by the Plaintiff Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Deutsche Bank.

18. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for Representative Plaintiffs and Deutsche Bank in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Deutsche Bank, any DB Released Party, or any Plaintiff Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any artificiality of any interest benchmark or other interest rate; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among counsel for Representative Plaintiffs and Deutsche Bank and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if

warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.  Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by Deutsche Bank to Representative Plaintiffs or by Representative Plaintiffs to Deutsche Bank in connection with the Settlement or the Action. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

19. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.

20. Any data or other information provided by Settling Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Interim Co-Lead Counsel, and experts or consultants acting on behalf of the Settlement Class.  In no event shall a Settling Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

21. The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Section 21 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

22. The word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

23. The Court's certification of the Settlement Class and appointment of the Representative Plaintiffs as Class Representative, as provided herein, is without prejudice to, or

waiver of, the rights of any Defendant to contest any other request by Representative Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint class representatives in the Action or any challenge to Representative Plaintiffs' capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

24. Interim Co-Lead Counsel's request for attorneys' fees and reimbursement of expenses shall be the subject of a separate order by the Court.

The Clerk of Court is respectfully directed to close the open motion at docket entry 482.

**IT IS SO ORDERED.**

Date: _____June 15_____, 2021.

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE