


```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2021
```

December 20, 2021

**MEMO ENDORSED**

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

      Re:    *In re London Silver Fixing, Ltd Antitrust Litig.*,
<u>No. 14-MD-2573 (VEC) (S.D.N.Y.)</u>; Renewed Motion to Seal Portions, and File Redacted Copies of, Plaintiffs' Memorandum of Law (ECF. 561), Portions of the Declaration of Robert Eisler (ECF. No. 560), Portions of Exhibits 1-9, 11-18 (ECF No. 560-1-9, 11-18) Attached Thereto, and Portions of the (Second) Declaration of Robert Eisler, and Exhibit 1 Thereto.

Dear Judge Caproni:

      In accordance with this Court's December 7, 2021 Order (ECF No. 567), Section 5(B) of Your Honor's Individual Practices in Civil Cases, and the Protective Order entered in this case (ECF No. 203), the Parties jointly move this Court to issue an order sealing limited portions of Plaintiffs' Memorandum of Law in Support of their Motion for Class Certification and the Appointment of Class Representatives and Class Counsel (ECF No. 561) and the Declarations of Robert G. Eisler dated November 23 and 24, 2021, and certain Exhibits thereto (ECF No. 560, Exhibits 1-9, 11-18, and ECF 563, Exhibit 1) as reflected in the Parties' attached proposed redacted versions of those documents.[1] Such relief is necessary to avoid the disclosure of information which Defendants have produced to Plaintiffs and have designated as "confidential" or "highly confidential" under the Protective Order, and which Defendants maintain is commercially sensitive business information, names of current and former bank employees who are not named as Defendants in this action, and information concerning clients and transactions performed on their behalf.[2]

---

[1] Deutsche Bank is not a signatory to this letter, however, Plaintiffs' counsel has conferred with Deutsche Bank's counsel, and Deutsche Bank takes the same position on redactions as the remaining Defendants.

[2] Because this request to file the redacted documents is based on Defendants' designation of information as confidential or highly confidential, the parties have conferred and jointly submit the request pursuant to Section 5 (B)(ii) of Your Honor's Individual Practices in Civil Cases.

Although the public is presumptively entitled to access judicial records, this presumption must give way to "higher values" and "countervailing factors," *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), such as the privacy rights of third parties and the protection of sensitive business information. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*") (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal to protect sensitive business information). In every instance, the court weighs the public's interest in monitoring this litigation against the interests of the party resisting disclosure. *Amodeo II*, 71 F.3d at 1050. As discussed below, such higher values and countervailing factors are present here.

The Parties' proposed redactions are limited, unobtrusive to the content of Plaintiffs' class certification motion, and confined to two discrete categories of information:

*First*, consistent with the Parties' prior redactions in this case, the Parties have redacted the names of current and former employees of Defendants and related identifying information of these employees (*e.g.*, Bloomberg handles and email addresses). *See* ECF No. 175, Order dated Dec. 5, 2016 (approving the anonymization in the TAC of current and former Defendant employees); ECF No. 319, Ltr. from M. Feldberg to the Court dated Sept. 19, 2017 (justifying the redaction of names of individual traders in materials filed in support of the non-Fixing banks' motion to dismiss the TAC). The Parties' redactions to the names of current and former bank employees—all of whom are individual traders, compliance personnel, and/or salespersons—are narrowly tailored to protect the privacy interests of individuals who are not named as Defendants in this action. Moreover, redaction of these names will not affect adjudication of Plaintiffs' class certification motion. *See Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, 2009 WL 2365246, at *6-7 (S.D.N.Y. July 30, 2009) (ordering that the names of non-party individuals be redacted because their names do not "directly affect the adjudication" of the motion).

*Second*, the Parties have redacted the names of Defendants' clients. Courts in this District have held that redactions to confidential customer information are appropriate to protect the privacy interests of a party's customers. *See, e.g.*, *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (holding that the privacy interests of defendants' investors, "who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the presumption of public access"); *see also Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011) ("Courts have recognized that banking customers have a justifiable expectation of privacy that their names and financial records not be revealed to the public." (internal quotation marks and citation omitted)). Moreover, the limited proposed redactions to Defendants' client names are far removed from adjudication of Plaintiffs' class certification motion.

Accordingly, the Parties jointly move this Court to issue an order sealing limited portions of Plaintiffs' Memorandum of Law in Support of their Motion for Class Certification and the Appointment of Class Representatives and Class Counsel (ECF No. 561), as well as portions of the Declarations of Robert G. Eisler dated November 23 and 24, 2021 and Exhibits thereto (ECF

No. 560, Exhibits 1-9, 11-18, and ECF 563, Exhibit 1) as reflected in the Parties' attached proposed redacted versions of those documents.

Respectfully submitted,

Dated: December 20, 2021

By:

/s/ Robert G. Eisler
Robert G. Eisler
Deborah A. Elman
Chad Holtzman
GRANT & EISENHOFER PA
485 Lexington Avenue, 29th Floor
New York, NY 10017

/s/ Vincent Briganti
Vincent Briganti
Thomas Skelton
Christian Levis
Johnathan Seredynski
LOWEY DANNENBERG P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601

*Interim Co-Lead Counsel for Silver Plaintiffs and the Proposed Silver Class*

/s/ Stephen Ehrenberg
Stephen Ehrenberg
William H. Wagener
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
*Attorneys for The Bank of Nova Scotia Defendants and Liaison Defense Counsel*

/s/ Damien J. Marshall
Damien J. Marshall
Leigh Nathanson
Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036

*Attorneys for the HSBC Defendants*

---

The parties' joint request to seal the names and identifying details of Defendants' current and former employees as well as Defendants' customers is GRANTED. The Court finds that protecting the privacy interests of those third parties as well as the Defendants' sensitive business information associated with their customer lists overcomes the presumption of public access in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

The Clerk of Court is respectfully directed to close the open motion at docket entry 568.

SO ORDERED.

*[signature: Valerie Caproni]*

Date: December 21, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE